TODD KIM
Assistant Attorney General

JEFFREY N. CANDRIAN (Colo. 43839)
Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
999 18th St. S. Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1382
Fax: (303) 844-1350
Email: jeffrey.candrian@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| THE STATE OF UTAH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEB HAALAND, *et al.*, <br><br> Defendants. | No. 4:24-cv-00048-DN-PK <br><br><br> **DEFENDANTS' RESPONSE TO COMPLAINT** |

Pursuant to DUCivR 7-4(b)(2)(B), Defendants submit this response to Plaintiffs' Complaint for Declaratory and Injunctive Relief.[1]

Congress established Glen Canyon in 1972 to "provide for public outdoor recreation use and enjoyment of Lake Powell and lands adjacent thereto in the states of Arizona and Utah and to preserve the scenic, scientific, and historic features contributing to the public enjoyment of the

---

[1] *See* Docket No. 1.

area."[2]  The Enabling Act provides that "[t]he Secretary shall administer, protect, and develop the recreation area in accordance" with the Park Service's Organic Act[3] "and with any other statutory authority available . . . for the conservation and management of natural resources."[4]  Off-road vehicle ("ORV") use has been a popular form of recreation in Glen Canyon since its creation.[5]

The National Park Service ("Park Service") manages Glen Canyon and issued an amended record of decision ("ROD") on September 7, 2018, which adopted an updated comprehensive management plan to address and manage ORV use in Glen Canyon ("ORV Plan").[6]  As part of that process, the Park Service produced an environmental impact statement under the National Environmental Policy Act that analyzed the potential impacts from the ORV Plan.[7]  The Park Service also attached to the ROD a written non-impairment determination, pursuant to the Organic Act, which explained why the ORV Plan would not impair Glen Canyon's resources and values.  The Park Service then promulgated a Rule that implements the ORV Plan.[8]  The Rule designated certain "routes and areas" open to ORV use under the ORV Plan and confirmed how ORVs may operate on paved and unpaved roads.[9]  The Rule "provides the largest range of experience for visitors" by identifying areas capable of ORV use while

---

[2] 16 U.S.C. § 460dd(a) ("Enabling Act").
[3] 54 U.S.C. § 100101(a).
[4] 16 U.S.C. § 460dd-3.
[5] 86 Fed. Reg. at 3808.
[6] *See* 86 Fed. Reg. at 3805.
[7] *Id.*
[8] 36 C.F.R. § 7.70(f).
[9] *Id*.

limiting ORV use in areas where resources and values may be at risk.[10]

Plaintiffs filed their Complaint on March 30, 2024, and generally challenge the Park Service's alleged restrictions and "road closures" in one area of Glen Canyon: the Orange Cliffs Special Management Unit ("Orange Cliffs").[11] They bring seven claims.

1.  Plaintiffs allege the Park Service acted "*ultra vires*, arbitrarily and capriciously, and not in accordance with law by prohibiting use of ATVs and ORVs on roads within the Orange Cliffs Unit and completely closing roads without providing justification for doing so or following the procedures mandated by law."[12] They further claim the Park Service "violated the separation of powers doctrine by implementing wilderness type management without Congressional authority."[13]

2.  Plaintiffs allege the Park Service's "ATV and ORV restrictions and road closures . . . were adopted without authority or in observance of lawful procedures and are therefore arbitrary, capricious, not in accordance with law and without adequate explanation . . . ."[14]

3.  Plaintiffs allege the Park Service violated 36 C.F.R. § 4.2 by not allowing street-legal ATVs in Orange Cliffs,[15] and violated 36 C.F.R. § 1.5(c) by allegedly not explaining why certain ORVs are not allowed in Orange Cliffs.[16]

---

[10] 86 Fed. Reg. at 3805.
[11] Docket No. 1, ¶¶ 1, 11.
[12] *Id*. at ¶ 55.
[13] *Id*. at ¶ 58.
[14] *Id*. at ¶ 64.
[15] *Id*. at ¶¶ 66, 76.
[16] *Id*. at ¶ 77.

      4.        Plaintiffs allege that "[r]estricting ORVs on roads" in Orange Cliffs "violates state law because no special regulation is needed on well-traveled park roads that are already used by permitted vehicles."[17]

      5.        Plaintiffs "seek a judicial determination that by prohibiting the use of ATVs and ORVs and closing roads within the Orange Cliffs Unit, Defendants have engaged in unlawful *de facto* wilderness management."[18]

      6.        Plaintiffs allege the Park Service "is legally required to recognize and acknowledge" Plaintiffs' alleged Revised Statute 2477 ("R.S. 2477") rights in Glen Canyon, so the "ATV and ORV restrictions and road closures violate Plaintiffs' R.S. 2477 rights-of-way."[19]

      7.        Plaintiffs claim the Park Service's "ATV and ORV restrictions and road closures" violate Utah and SITLA's rights under *State of Utah v. Andrus*, 486 F. Supp. 995 (D. Utah 1979).[20]

For relief, Plaintiffs ask the Court to enjoin implementation of the ORV Plan and Rule, "to direct Defendants to open the closed roads, allow ATV and ORV use on all roads within Orange Cliffs . . . and manage the traffic and vehicle use within the recreation area in accordance with state law, as provided in NPS regulations."[21]

Defendants deny that any of their actions were arbitrary, capricious, an abuse of discretion, *ultra vires*, in excess of their statutory authority, or otherwise contrary to

---

[17] *Id*. at ¶ 86.
[18] *Id*. at ¶ 90.
[19] *Id*. at ¶¶ 93-94.
[20] *Id*. at ¶ 102.
[21] *Id*. at ¶ 12; *see id*. at Prayer for Relief.

Defendants' Response to Complaint
Case No. 4:24-cv-00048-DN-PK

law. Consequently, Defendants deny that Plaintiffs are entitled to any relief. Defendants will defend against the claims asserted in the Complaint on the grounds that the challenged agency decisions comply with applicable legal requirements and that Plaintiffs have failed to establish subject matter jurisdiction for any of their claims.

Respectfully submitted this 1st day of August, 2024.

    TODD KIM
    Assistant Attorney General

    /s/ *Jeffrey N. Candrian*
    JEFFREY N. CANDRIAN (Colo. 43839)
    Environment and Natural Resources Division
    United States Department of Justice
    999 18th St. S. Terrace #370
    Denver, CO 80202
    Tel: (303) 844-1382
    Fax: (303) 844-1350
    Email: jeffrey.candrian@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of this filing to all counsel of record.

/s/ *Jeffrey N. Candrian*
JEFFREY N. CANDRIAN
U.S. Department of Justice