IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| THE STATE OF UTAH, *et al*., | **No. 4:24-cv-00048-DN-PK** |
| Plaintiffs, | |
| v. | **[PROPOSED] SCHEDULING ORDER UNDER DUCivR 7-4(c)** |
| DEB HAALAND, *et al*., | **DISTRICT JUDGE DAVID NUFFER** |
| Defendants. | **MAGISTRATE JUDGE PAUL KOHLER** |

Pursuant to DUCivR 7-4(c), the parties submitted a proposed scheduling order.  Having reviewed and considered the parties' proposed deadlines, and for good cause appearing, IT IS HEREBY ORDERED that the following schedule shall govern this case:

**1.      Agency Decisions Challenged:**

The National Park Service ("Park Service") manages Glen Canyon National Recreation Area and issued an amended record of decision ("ROD") on September 7, 2018, which adopted an updated comprehensive management plan to manage off-road vehicle use in Glen Canyon ("ORV Plan").  As part of that process, the Park Service produced an environmental impact statement under the National Environmental Policy Act that analyzed the potential impacts from the ORV Plan.  The Park Service also attached to the ROD a written non-impairment determination.   The Park Service then promulgated a Rule that implements the ORV Plan.  The Rule designated certain "routes and areas" open to ORV use under the ORV Plan and confirmed

how ORVs may operate on paved and unpaved roads.

**2.      Plaintiffs' Grounds for Challenging Agency Decisions:**

Plaintiffs filed their Complaint on May 30, 2024. They generally challenge ORV management in one area of Glen Canyon: the Orange Cliffs Special Management Unit ("Orange Cliffs"). They bring seven claims relating to the ORV Plan, ROD, and Rule.

1.      Plaintiffs allege the Park Service acted "*ultra vires*, arbitrarily and capriciously, and not in accordance with law by prohibiting use of ATVs and ORVs on roads within the Orange Cliffs Unit and completely closing roads without providing justification for doing so or following the procedures mandated by law." They further claim the Park Service "violated the separation of powers doctrine by implementing wilderness type management without Congressional authority."

2.      Plaintiffs allege the Park Service's "ATV and ORV restrictions and road closures . . . were adopted without authority or in observance of lawful procedures and are therefore arbitrary, capricious, not in accordance with law and without adequate explanation . . . ."

3.      Plaintiffs allege the Park Service violated 36 C.F.R. § 4.2 by not allowing street-legal ATVs in Orange Cliffs, and violated 36 C.F.R. § 1.5(c) by allegedly not explaining why certain ORVs are not allowed in Orange Cliffs.

4.      Plaintiffs allege that "[r]restricting ORVs on roads" in Orange Cliffs "violates state law because no special regulation is needed on well-traveled park roads that are already used by permitted vehicles."

5.      Plaintiffs "seek a judicial determination that by prohibiting the use of ATVs and ORVs and closing roads within the Orange Cliffs Unit, Defendants have engaged in unlawful *de facto* wilderness management."

6.      Plaintiffs allege the Park Service "is legally required to recognize and acknowledge" Plaintiffs' alleged Revised Statute 2477 ("R.S. 2477") rights in Glen Canyon, so the "ATV and ORV restrictions and road closures violate Plaintiffs' R.S. 2477 rights-of-way."

7.      Plaintiffs claim the Park Service's "ATV and ORV restrictions and road closures" violate Utah and SITLA's rights under *State of Utah v. Andrus*, 486 F. Supp. 995 (D. Utah 1979).

For relief, Plaintiffs ask the Court to enjoin implementation of the ORV Plan and Rule, "to direct Defendants to open the closed roads, allow ATV and ORV use on all roads within Orange Cliffs . . . and manage the traffic and vehicle use within the recreation area in accordance with state law, as provided in NPS regulations."

**3.      Defendants' Reasons in Support of Agency Decisions:**

Defendants deny that any of their actions were arbitrary, capricious, an abuse of discretion, *ultra vires*, in excess of their statutory authority, violated the separation of powers doctrine, or were otherwise contrary to law.  Consequently, Defendants deny that Plaintiffs are entitled to any relief.  Defendants will defend against the claims asserted in the Complaint on the grounds that the challenged agency decisions comply with applicable legal requirements.

**4.      Dates to File Relevant Documents:**

a.      Defendants shall file the administrative record by: 10/15/2024.

b.      Deadline for Plaintiffs to submit a motion to amend their complaint under Fed. R.

Civ. P. 15(a)(2): 11/8/2024.[1]

c.      If necessary, Defendants shall respond to the amended complaint within 21 days

after the amended complaint is filed with the court.

d.      If necessary, Plaintiffs shall file any objections to or a motion to supplement the

contents of the administrative record by: 11/15/2024.

e.      If necessary, Defendants shall respond to any objections or motions by Plaintiffs

regarding the administrative record within 21 days from the date of Plaintiffs' objections or

motion.  Plaintiffs' reply is due 14 days after Defendants' response.

f.      Plaintiffs shall file its Opening Brief by: 1/22/25 or 45 days after the resolution of

any objections or supplementations to the record, whichever is later.

g.      Defendants shall file their Answer Brief by: 3/19/25, or 45 days from the filing of

Plaintiffs' Opening Brief, whichever is later.

h.      Plaintiffs may file a Reply Brief within 30 days from the filing of the Defendants'

Answer Brief.

Amendments to this scheduling order shall only be approved for good cause shown.

DATED this _____ day of August, 2024.

_____
Paul Kohler
United States Magistrate Judge

---

[1] By agreeing to include this deadline in the Scheduling Order, Defendants do not waive any objections to Plaintiffs' potential request to amend the complaint.

Scheduling order
Case No. 4:24-cv-00048-DN-PK