*State of Utah v. Haaland* **Case No. 4:24-cv-0048-DN-PK**

# EXHIBIT 2

**Declaration of Ernest Atencio**

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| **STATE OF UTAH** *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>**DEB HAALAND**, *et al.*,<br><br>  Defendants,<br><br>and<br><br>**SOUTHERN UTAH WILDERNESS ALLIANCE** and **NATIONAL PARKS CONSERVATION ASSOCIATION**,<br><br>  Proposed Defendant-Intervenors. | Case No. 4:24-cv-0048-DN-PK<br><br>**DECLARATION OF ERNEST ATENCIO**<br><br>Judge David Nuffer<br>Magistrate Judge Paul Kohler |

I, **ERNEST ATENCIO**, declare as follows:

1. I am of full age and make the following statements based on personal knowledge. If called to testify, I could and would competently do so. This declaration is filed in support of the National Parks Conservation Association's ("NPCA") Motion to Intervene and Memorandum in Support in the above-captioned matter.

2. I am Southwest Regional Director for NPCA, and I am responsible for managing staff and programs throughout Utah, Arizona, Colorado, and New Mexico. NPCA's headquarters is in Washington, DC, and I work from my home office in Arroyo Hondo, near Taos, New Mexico. Through my work as Regional Director, previous work for the National Park Service ("NPS") and other organizations, and my personal enjoyment of the outdoors in this region of the

United States, I have become very familiar with the National Park units in the state of Utah, including the Glen Canyon National Recreation Area ("Glen Canyon NRA").

3.  I have worked at NPCA for eight years and served in my current role for five years. I am also a member of NPCA and a former National Park Service Ranger who has worked at several park units in the Southwest.

4.  NPCA is a nonprofit membership organization with over 1.6 million members and supporters nationally, including 15,697 members and supporters in Utah (as of April 2024), and members who visit and recreate at the Glen Canyon NRA, in particular. Among NPCA's members are hikers, campers, mountain bikers, boaters, canyoneers, educators, bird- and wildlife-watchers, cultural resource and archaeology enthusiasts, and photographers who regularly visit Glen Canyon for aesthetic, scientific, and recreational purposes.

5.  NPCA's mission is to "protect and enhance America's National Park System for present and future generations." As part of that mission, NPCA also seeks to protect public lands that comprise—and/or contribute to—intact cultural and ecological landscapes that include National Park System units. This work includes a long history of advocating for NPS to take action to comply with laws governing the use of off-road vehicles ("ORVs") in the National Park System, including in the Glen Canyon NRA, in order to prevent damage caused to park units such as the Glen Canyon NRA by the use of ORVs.[1] NPCA's work protects our members' interests by protecting Glen Canyon from disruption and damage caused by rampant ORV use.

---

[1] ORVs include conventional automobiles that are deisnged to also travel off-road, such as sport utility vehilces or some pick-up trucks, and off-highway vehilces ("OHVs") that are designed primarily to travel off-road, such as ATVs or dirt bikes. Some ATVs may also be authorized to operate on roads and highways.

6. In 1999, NPCA was one of a number of environmental organizations that petitioned NPS to adopt regulations to control ORV use in the Park System and prevent the ongoing damage to park units like Glen Canyon NRA. Although NPS denied that petition, it committed to evaluating ORV use and developing management plans for ORV use throughout the Park System. NPCA later filed a lawsuit against NPS in 2005 after the agency decided to continue allowing ORV use throughout the Glen Canyon NRA without the legally required regulation designating routes and areas for ORV use. That litigation prompted a settlement agreement in 2008, which required NPS to evaluate the authorization of ORV use in the Glen Canyon NRA and either terminate that authorization or promulgate a special regulation designating ORV routes and areas.

7. In January 2014, NPS released the Off-Road Vehicle Management Plan/Draft Environmental Impact Statement analyzing alternatives for managing the off-road use of motor vehicles and on-road use of OHVs and street-legal ATVs. NPCA submitted comments on the proposals contained in that plan. Then in January 2017, NPS issued its finalized Off-Road Vehicle Travel Management Plan/Final Environmental Impact Statement ("ORV Plan"). Again, NPCA submitted comments in response to NPS's final ORV Plan. NPS adopted the ORV Plan through a September 2018 Record of Decision ("ROD") and implemented through rulemaking to promulgate a special regulation in January 2021 ("Final Rule"). NPS took those three actions as a direct result of NPCA's advocacy and litigation, and they are the subject of Plaintiffs' claims in in this case.

8. In January 2021, NPCA filed suit to challenge aspects of the ORV Plan and the Final Rule different and separate from the aspects that Plaintiffs are challenging in this case.

3

Although NPS's actions filled an essential legal gap in the management of ORVs in Glen Canyon, NPCA maintained in its suit that the ORV Plan and Final Rule are insufficiently protective of the Glen Canyon NRA, allowing severe damage to the NRA's resources to continue and interfering with the ability of all visitors to enjoy the area. These issues were addressed through a settlement agreement entered into in April 2024, and NPS agreed to propose to revise its Final Rule consistent with the agreement and to take final action on the proposal by January 2025. NPS issued its proposed revisions on September 16, 2024. Plaintiffs in this litigation have stated that they oppose the settlement.

9. NPCA has worked for over two decades to protect Glen Canyon and other park units from the damaging effects of unauthorized and unregulated ORV use. In so doing, NPCA has advocated for NPS to fulfill its legal responsibilities by exercising authority that Plaintiffs challenge in this litigation. If this Court decides in favor of the Plaintiffs based on their arguments in this case, it could limit, modify, or vacate existing restrictions on ATV and ORV use in Glen Canyon and significantly cabin NPS's authority to control such vehicles moving forward. Any such decision would undo decades of work by NPCA and myself—threatening not only the most recent settlement agreement by which NPS agreed to address NPCA's current concerns with the ORV Plan and Final Rule but also the regulation of ORV use in the NRA in general. The execution of the Plaintiffs' requested relief in this matter would undermine my interests in the execution of the agreed-upon revisions to the Final Rule and my personal experience and enjoyment of Glen Canyon's remote backcountry.

10. I have personally spent a significant amount of time over the years in the Glen Canyon NRA, including guiding 20-25 five-day houseboat trips on Lake Powell for the Yavapai

College Elderhostel Program during the late fall and early spring between 1992 and 1996. These educational trips covered a variety of natural history and cultural history instruction, background about the creation of the lake, Colorado River management and conservation history of the area, numerous hikes into the remote and wild canyon country surrounding the lake, and kayaking up narrow canyon passages. In November 2012, I did a five-day backpacking trip with friends circumnavigating Navajo Mountain to Rainbow Bridge on the south shore of the San Juan Arm of Lake Powell. I have camped near the Hite Marina area of Glen Canyon several times and in 2019 hiked with the Glen Canyon NRA superintendent to a remote "Barrier Canyon" style rock art site in the Hite area estimated to be 1,500 to 4,000 years old. In March 2021, I participated in a five-day guided mountain bike trip into the Maze District of neighboring Canyonlands National Park, starting and finishing at Hite and traveling through the Orange Cliffs area and along part of the Flint Trial within the Glen Canyon NRA—areas that the Plaintiffs seek to open up to ATV and ORV use. I plan to camp near Hite and return to the Orange Cliffs area in March 2025 with friends to camp and explore remote side canyons and visit the ancient rock art site, and will continue to travel in and explore this area on my frequent personal and work-related trips to this part of the Colorado Plateau and southeast Utah.

11.     The Plaintiffs' requested relief will significantly disrupt my ability to enjoy Glen Canyon by increasing vehicular traffic in the NRA, damaging the landscape and the visitor experience through increased noise and dust and particulate matter and other pollution from engine emissions and the degradation of natural resources and habitat. Even if ORVs are not traveling on the same routes that I am using, the increased noise will likely carry and disrupt the quiet and isolation of many parts of Glen Canyon.

12.     The current ORV Plan and Final Rule are more protective of Glen Canyon's natural resources than the alternative Plaintiffs advocate for in this lawsuit. NPS took those administrative actions as a result of tireless advocacy by NPCA and its fellow environmental organizations. Moreover, the current regulations form the basis for the revisions that NPCA has secured through NPS's settlement agreement and which NPCA sought in order to protect Glen Canyon and further its members' interests. The Plaintiffs' claims thus stand in direct conflict with the interests of NPCA and its members.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: September 27, 2024

_____
Ernest Atencio